1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

411 West Fourth Street, Santa Ana, California  92701

11

| | |
|---|---|
| 12  SINFORIANO SILVA,<br><br>13            Plaintiff,<br><br>14<br><br>15      -vs.-<br><br>16  ALBERTO CAMPILLO, SILVIA<br>17  PATATAN JUSTO, RAFAEL SANTIAGO,<br>    PABLO ARTEAGA, JULIO BARRIOS,<br>18  JUAN MANUEL CORTEZ dba LA<br>    HACIENDA NIGHT CLUB, DAVID<br>19  MARTINEZ dba EL NUEVO<br>20  MONTERREY NIGHT CLUB, DOES 1-10,<br>21<br>22            Defendants.<br>23 | **SACV 14-1789 DOC (JGCx)**<br><br>**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION AS TO JULIO BARRIOS** [52]<br><br>**Hon. David O. Carter** |

24
25

       Plaintiff Sinforiano Silva filed his complaint herein on November 7,

26

2014 federal trademark infringement and unfair competition under 15 U.S.C. §

27

1125(a)(1)(A), for commercial disparagement under 15 U.S.C. § 1125(a)(1)(B),

28

for state law trade name infringement and dilution under California Business &

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

Professions Code §§ 14330 et seq. and §§ 14402 et seq., and for common law interference with prospective business advantage, accounting and injunctive relief ("this Action").

Defendant JULIO BARRIOS for himself alone and plaintiff SINFORIANO SILVA have entered into a Stipulation for Entry of Judgment and Permanent Injunction as to Julio Barrios (hereinafter, "the Stipulation") and Settlement Agreement and Mutual Release ("Settlement") with respect to the settlement of this Action without adjudication of any issue of fact or law.

THEREFORE, based upon the stipulation of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1.    This Court has jurisdiction over the subject matter of the claims brought by plaintiffs under 28 U.S.C. §§ 1331 and 1138(a), and under 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 1125(a)(1)(B), as well as over plaintiff's supplemental state law claims, as provided under 28 U.S.C. § 1367.  The Court has jurisdiction over the parties.

2.    Venue in the Central District of California, United States District Court ("this federal district") is proper.

3.    Plaintiff Sinforiano Silva is the owner of a Registered U.S. Trademark No. 3,440,398 for the mark LA LUZ ROJA DE SAN MARCOS for entertainment in the nature of live performances by a musical group ("Mark").

4.    The parties stipulate that they have entered into the Stipulation freely and without coercion.

5.    The parties have acknowledged having reviewed the provisions of the Stipulation as well as this Judgment, and their willingness to abide by their provisions.

6.    Julio Barrios makes no admission of liability.

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

7.    The parties have stipulated that this Judgment may be entered as set forth below without the taking of evidence, and without trial before the judge or jury, and to resolve all matters of dispute among the parties who have participated in this civil action.

8.    Each party to the Stipulation has waived any right to take an appeal from this Judgment.

9.    Each party to the Stipulation has agreed that such party does not, and will not, oppose entry of the Judgment and Permanent Injunction on the grounds that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure.

10.   Each party to the Stipulation has agreed that as between plaintiff Sinforiano Silva and defendant Julio Barrios only, each party will bear such party's own costs of suit and attorney's fees incurred in connection with this Action, any and all related settlement procedures, the Stipulation, and any and all actions set forth under the Settlement, unless otherwise expressly indicated in the Stipulation or in the Settlement.

## <u>ORDER</u>

THEREFORE, based upon the stipulation of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

I.    JUDGMENT

1.    Judgment is entered as follows:

II.   PERMANENT INJUNCTION

2.    Defendant Julio Barrios, his respective officers, agents, servants and employees, and those persons in active concert or participation with any of the foregoing who receive actual notice of this Order by personal service or otherwise are hereby PERMANENTLY ENJOINED AND RESTRAINED from engaging in or performing any of the following acts:

(a)    Using the name "La Luz Roja de San Marcos" or any trade name that employs a confusingly similar or colorable imitation of the name, including without

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

limitation the words "La Luz Roja," "Luz," "Roja" or "San Marcos" in connection with advertising in any form, or in connection with the goods or services of defendants or any of them;

(b)     Using the name "La Luz Roja de San Marcos" or any confusingly similar or colorable imitation of the name, including without limitation the phrase "La Luz Roja," "Luz," "Roja" or "San Marcos" in any manner for the purpose of enhancing the commercial value of the goods or services of defendants;

(c)     Otherwise infringing or diluting the distinctive quality of plaintiff's service mark and trade name "La Luz Roja de San Marcos";

(d)     Causing a likelihood of confusion, deception or mistake as to the makeup, source, nature or quality of plaintiff's or defendants' services with respect to "La Luz Roja de San Marcos";

(e)     Contacting promoters, advertisers or other businesses for the purpose of offering the services of defendant as "La Luz Roja de San Marcos" or any confusingly similar or colorable imitation of the name.

III.     IMPOUNDMENT AND DESTRUCTION

3.     Defendant Julio Barrios and his officers, agents, servants, employees, and co-venturers, and all persons in active concert or participation with defendant Barrios who receive actual notice of this order by personal service or otherwise, are hereby ordered to remove and destroy all promotional literature, advertising, goods, internet postings (including without limitation Facebook postings, YouTube uploads, YouTube postings, and YouTube channels) and other materials relating to defendant Julio Barrios or any musical group associated defendant Julio Barrios, which use the words "La Luz Roja de San Marcos" or "La Luz Roja" or "San Marcos" on or in connection with such advertising, goods, postings, uploads, or other materials within seven (7) days following receipt of such actual notice of this order, and to provide plaintiff's counsel with evidence of such

removal and destruction within the same seven (7) day period following receipt of such actual notice.

4.    Violation of the permanent injunction included in this judgment by the persons enjoined herein who receive actual notice of this order shall constitute contempt of court, and plaintiff shall be entitled to seek recovery of all reasonable costs and attorney's fees expended in bringing a contempt motion.

## IV.    DAMAGES AND ATTORNEY'S FEES

5.    As damages are waived as between plaintiff Sinforiano Silva and defendant Julio Barrios only, no damages are awarded against defendant Julio Barrio.

6.    As attorney's fees are waived as against defendant Julio Barrios only, no attorney's fees are awarded against defendant Julio Barrios.

## V.    COSTS AND RETENTION OF JURISDICTION

7.    As costs of suit are waived as to defendant Julio Barrios only, no costs are awarded against defendant Julio Barrios.

8.    The Court shall have continuing jurisdiction over this Stipulation and the Judgment to enforce the terms of the same.

9.    Upon first seeking leave of the Court and granting the other party notice and a reasonable opportunity to respond to the request for leave, each party may conduct reasonable and reasonably necessary post-judgment discovery for the purpose of determining compliance and enforcing the terms of the Stipulation, the Settlement and this Judgment.

10.    In any action arising out of the Stipulation, Settlement and this Judgment ( including without limitation an application or motion for contempt as to the permanent injunction), any party that loses on the merits shall be obligated to pay the other party's attorneys' fees in the action.  The Court may apportion damages in such actions according to the parties' comparable faults, if any.

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

1    11.  Pursuant to the Stipulation of plaintiff and defendant Julio Barrios,

2   service of this Judgment on the attorney for defendant Julio Barrios shall be

3   deemed to constitute service on defendant Julio Barrios individually.

4   IT IS SO ORDERED.

5

6   Dated:  June 11, 2015

7                                                   HON. DAVID O. CARTER
                                                    United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-
**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**